Kirtland *v.* Moore.

---

ANNA T. E. KIRTLAND

*v.*

FRANK W. MOORE et al.

1. The court, in disposing of the questions in dispute among the defendants to a bill of interpleader, is at liberty to adopt any recognized method of trial which will best accomplish justice in the particular case.

2. An order drawn by a creditor upon his debtor, directing the payment of a sum of money out of a specified sum, and which is presented to the debtor, though not accepted, constitutes a good assignment in equity.

3. A person, to be in a position to impound money in the hands of the owner, for his benefit, by notice, under the third section of the mechanics lien law, must be a creditor of the contractor for work done on or material furnished for the building; his debt must be due, and he must have demanded payment of the contractor of a sum which the contractor is obliged to pay at once.

4. Under a building contract containing a clause that the work shall be done under the direction and to the satisfaction of a particular person, to be testified by a writing or certificate under his hand, no right to the money earned under the contract accrues, and no action can be maintained to recover it until the certificate is procured or the contractor is entitled to it.

On final hearing on answers to bill of interpleader and proofs taken in open court.

*Mr. Willard P. Voorhees,* for Alfred J. Butler.

*Mr. J. V. De Mott,* for Howell, Totten & Company.

*Mr. George C. Ludlow,* for McFadden & Dooley.

*Mr. James E. Howell,* for Chapin Hall Manufacturing Company.

*Mr. Robert Adrain,* for Samuel Armstrong.

VAN FLEET, V. C.

This suit was commenced by bill of interpleader. A decree has been made, by consent, that the defendants interplead, and the questions now to be decided are, first, which of the defendants are entitled to the fund in court, and, second, in what order shall they be paid? The fund in controversy was earned under a building contract with Frank W. Moore, which was filed pursuant to the direction of the statute, so that the right of all persons, except the contractor, to acquire a lien against the building, was cut off. The sum in dispute is $1,273.83. The claimants are five in number, and the aggregate amount of their claims is $2,571.18. They all base their claims on notice given pursuant to the third section of the mechanics lien law. Their notices were served as follows: that of Alfred J. Butler, September 8th, 1883; those of Howell, Totten & Company and McFadden & Dooley, September 27th; that of Samuel Armstrong, October 4th, and a second, December 27th; and that of the Chapin Hall Manufacturing Company, October 24th.

The questions at issue in the case arise upon the answers to the bill of interpleader, no other pleading having been filed by the defendants. The court, in disposing of the questions in dispute among the defendants to a bill of interpleader, is at liberty to adopt any recognized method of trial which will best accomplish justice in the particular case. If, at the hearing on the bill, the questions in which the defendants are alone interested, are stated with sufficient clearness and certainty, in the answers to the bill, to present proper issues, and they are ripe for decision, the court may, at the same time that it decides the question whether the bill was properly filed or not, also decide the questions at issue among the defendants, and dispose of the case finally. If, however, the case, as among the defendants, is not, at that time, in condition to be properly disposed of, the court may then adopt such course as may seem best under the circumstances, as by directing that issues shall be raised by appropriate pleadings, or that an action at law shall be brought, or that such other course shall be taken as may seem best suited to the nature of the case. *Condict* v. *King, 2 Beas. 375; 2 Dan. Ch. Pr. (5th Am. ed.) 1569.*

No direction has been given by the court in this case, but the defendants have brought the case to hearing on their answers filed to the complainant's bill. By their answers, they each rest their claim to the moneys in dispute on a single ground, namely, notice given to the owner pursuant to the direction of the third section of the mechanics lien law. Neither, by his answer, discloses any other ground of claim, or sets up a right acquired by any other means or in any other way, so that no other, no matter how well founded, has been put in issue in such manner that its validity can, under the present record, be the proper subject of either judicial investigation or determination. This remark is made because the proofs seem to show that two of the contestants have a ground of claim in addition to that set up in their answers. As the proofs now stand, it appears that the contractor, on the 18th of October, 1883, drew an order in favor of the Chapin Hall Manufacturing Company, on the owner, for the same sum claimed in the notice which they served

Kirtland *v.* Moore.

on the owner on the 24th of October, 1883, and that the order was delivered by the payees to the owner within a day or two after its date, and remained in her hands up to the time of the trial. It also appears that the contractor subsequently drew an order on the owner, in favor of McFadden & Dooley, for the sum specified in their notice. This order is without date. The proofs do not show that it was ever presented or shown to the owner, nor that she was ever notified of its existence. The doctrine is now at rest, that an order drawn by a creditor upon his debtor, directing the payment of a sum of money out of a specified fund, and which is presented to the debtor, though not accepted, constitute a good assignment in equity. *Superintendent of Schools* v. *Heath, 2 McCart. 22 ; Shannon* v. *Hoboken, 10 Stew. Eq. 123 ; S. C. on appeal, Id. 318.*

A person to be in a position to be entitled to the remedy given by the third section of the mechanics lien law, must, in the first place, be a creditor of the contractor, not a general creditor, but a creditor whose debt was contracted for work done to the building erected by the contractor for the owner, or for material furnished for the building. Such is the plain direction of the statute. *Second.* He must be a creditor whose debt is due. Before a workman or materialman can notify the owner of his claim, he must put the contractor in fault. The statute says that when the contractor shall, upon demand, refuse to pay the money or wages due, the owner may be notified. Until, therefore, the contractor has refused to pay what is justly due and in arrear, the statutory remedy is not applicable. *Reeve* v. *Elmendorf, 9 Vr. 125.* *Third.* There must be a demand and refusal, and the demand must be for such an amount as the creditor is entitled to be paid at once. There can be no recovery against the owner of a lesser sum than that demanded of the contractor, because the finding that such lesser sum was the debt really due, would, *per se,* show that the contractor was not in fault in refusing to pay. His obligation is to pay the money or wages due, and if more is demanded, he has a right to refuse to pay. *Reeve* v. *Elmendorf, supra.* *Fourth.* The creditor must give notice, in writing, to the owner, of the contractor's refusal to pay and of the amount by

Kirtland *v.* Moore.

him demanded.   In a case where all these requisites exist, the workman or materialman has a right to have the owner to retain the amount so due to him and demanded "out of the amount owing by him to the contractor," and the owner, on being satisfied of the correctness of the sum demanded, must pay the same to the workman or materialman, and the receipt of the workman or materialman will entitle the owner to an allowance therefor against the contractor.   In a case where the statutory requisites exist, notice, given according to the statute, works an assignment, *pro tanto,* to the workman or materialman of the rights of the contractor against the owner.   *Wightman* v. *Brenner, 11 C. E. Gr. 489.*   Upon notice given, the workman or materialman, to the extent of his demand, takes the place of the contractor. *Reeve* v. *Elmendorf, supra.*   But if, when the notice is served on the owner, there is nothing owing to the contractor, and he is without right against the owner; the notice is without legal effect. *Craig* v. *Smith, 8 Vr. 549.*   The test is whether a suit for the money demanded will lie by the contractor against the owner; if it will not, the owner is not liable to a suit by the workman or materialman.   *Reeve* v. *Elmendorf, supra.*   The construction of the statute to this extent is settled, and the rights of the claimants to the fund in court must be determined by the rules above stated.

The notice of Alfred J. Butler was served, as already stated, September 8th, 1883.   His claim is for $79.43.   His debt had the required character; it was due, had been demanded, and payment refused; his notice was in proper form, and duly served, and at the time of its service $1,200 were due from the owner to the contractor.   These facts made a perfect case in his favor, and gave him a clear right to be paid out of the moneys then due to the contractor.   The moneys then due, however, constitute no part of the fund now in court; they were paid by the owner to the contractor on the 26th of September, 1883, and the fund now in court represents moneys earned by the contractor, under the contract, subsequent to that date.   The owner's payment to the contractor, subsequent to the service of Mr. Butler's notice, was unquestionably wrongful as to him, and, if made without his

Kirtland *v.* Moore.

consent, did not impair his rights against the owner. His notice, by force of law, put him, to the extent of his demand, in the place of the contractor, and operated as an assignment of so much of the money then due as was sufficient to pay his claim. By his notice he became, by subrogation, the creditor of the owner, and in this state of affairs a payment by the owner to another person of the money due to him, obviously left his rights unimpaired, and his debt undischarged. His notice did not touch the fund now in court; it was impossible for it to do so, for the fund did not then exist. He intended, by his notice, to reach the fund then due to the contractor. His notice was effectual to that end, and he stands, therefore, now precisely in the same position as he would if, under an assignment by the contractor of another fund, he was asserting a right in this. It is clear that he has no right in this fund.

The claimants next in order of time are Howell, Totten & Company, and McFadden & Dooley. Their notices were both served on the same day, but not precisely at the same time, that of Howell, Totten & Company having been served first. McFadden & Dooley contend that although their notice was served after that of Howell, Totten & Company, yet that they are, under the general rule that the law does not regard the fraction of a day, entitled to stand on the same footing with Howell, Totten & Company, and that the two claims should be held to be concurrent. The case does not call for a decision of this question. McFadden & Dooley did their work under a written contract. The sum or price they were to receive was not payable until their work was completed. Their contract expressly provided that their work was to be done under the direction and to the satisfaction of a particular person, to be testified by a writing or certificate under his hand. The construction which this clause is to receive is settled. No right to the money earned under the contract accrues, and no action can be maintained to recover it until the certificate has been procured, or the contractor is entitled to it. *Byrne* v. *Sisters of St. Elizabeth, 16 Vr. 213.* When McFadden & Dooley served their notice their work was not completed, their money was not due, they had no certificate,

they had made no demand of payment of the contractor, and had no right to do so. They had no right, therefore, to give notice to the owner, and their act, in that regard, was without the slightest legal effect. Their notice gives them no right to the fund in court. The proofs show that when Howell, Totten & Company served their notice they were creditors of the contractor for a debt of the requisite nature, and that all the other facts which the statute makes necessary to entitle them to look to the owner for payment, existed, and that their notice was in proper form, and duly served. They are, therefore, entitled to be paid out of the moneys in court.

Two notices were served on behalf of Samuel Armstrong, the first October 4th, 1883, and the last December 27th, 1883. Nothing was due to him from the contractor when the first notice was served—and that fact appears on the face of the notice itself—but the proofs show that when the second notice was served, Mr. Armstrong had taken all the steps required by the statute to entitle him to impound the money earned under the contract, in the hands of the owner for his benefit, and his claim will, therefore, be entitled to prevail, if, after paying claimants standing prior in point of time, anything shall be left to be applied to his.

Notice of the claim of the Chapin Hall Manufacturing Company was served October 24th, 1883. Their notice states that there was due to them, on that day, the sum of $641.86. Their books show that that amount was then due, but their proof of demand of payment of the contractor is, in my judgment, fatally defective. No demand is shown to have been made after October 18th, 1883. A demand on that day is proved. It was a demand for $641.86, but it is entirely clear, on the proofs produced by the claimants themselves, that the sum demanded on that day was in excess of the amount then either due or owing. Their claim is for lumber sold and delivered, and their books show that up to and including the 18th of October they had only furnished lumber to the amount of $508.94, so that it is manifest that if they made a demand on the 18th of October of $641.86, they demanded $132.92 more than was due to them, and conse-

Kirtland *v.* Moore.

quently that the refusal of the contractor to pay was rightful. Their books also show that they delivered lumber to the contractor on the 19th of October, and also on the 24th, and the difference between the amount which was due on the 18th, and that which was due on the 24th, is made up by the amounts charged for the lumber delivered on the 19th and 24th, but there is no proof whatever that any demand was made subsequent to the 18th of October, nor any evidence in the case tending to show that the lumber charged on the 19th and 24th of October had been actually delivered prior to the 18th. Their proofs on this vital point are fatally defective, and their claim, for that reason, must be rejected.

The fact has already been mentioned that the Chapin Hall Manufacturing Company hold an order, drawn by the contractor on the owner, for the same sum claimed in the notice which they served on the owner. That paper was put in evidence without objection, and is now before the court. It may be that its validity was not challenged, nor its competency as evidence disputed, because it had not been set up in the pleadings, by these claimants, as one of the grounds of their claim. · The other claimants were not bound to dispute it until it was set up in the pleadings as a ground of claim, and they thus afforded the opportunity given by law in all cases for investigation and defence. If, however, its validity is not open to question, and its integrity is unassailable, then, according to an established rule of equity jurisprudence, it transferred to these claimants a part of the fund in court, and they should not be deprived of the right thus conferred, unless, by laches or otherwise, they have extinguished it.